UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO._____ |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWNHOMES OF KINGS LAKE | ) | |
| HOA, INC. and VANGUARD | ) | |
| MANAGEMENT GROUP, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PLAINTIFF UNITED STATES OF AMERICA'S COMPLAINT
AND JURY DEMAND; INJUNCTIVE RELIEF SOUGHT

The United States of America alleges as follows:

NATURE OF ACTION

1.    The United States brings this action pursuant to 42 U.S.C. § 3614(a) to enforce Title

VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments

Act of 1988, 42 U.S.C. §§ 3601 *et seq*. (the "Fair Housing Act").  This action is also

brought on behalf of Gregory Tracey, Kimberley Konash, their four minor children,

Tiffany Skizinski, and Deanna Tracey ("the Tracey Family"), pursuant to 42 U.S.C. §

3612(o).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42
       U.S.C. §§ 3612(o) and 3614(a).

3.     Venue is proper under 28 U.S.C. § 1391(b) because the events or omissions giving
       rise to the United States' claims occurred in this District and the property that is the
       subject of this action is located in this District.

## DEFENDANTS AND PROPERTY

4.     Kings Lake is a gated residential community in Gibsonton, Florida, located in
       Hillsborough County.  Kings Lake consists of 249 townhomes in a variety of sizes,
       and includes common areas such as a pool.

5.     The townhomes at Kings Lake are "dwelling[s]" within the meaning of the Fair
       Housing Act, 42 U.S.C. § 3602(b).

6.     Defendant Townhomes of Kings Lake HOA, Inc. ("Defendant HOA") is a not-for-
       profit Florida corporation with its principal place of business in Tampa, Florida.
       Defendant HOA is a homeowners association that has been in existence since 2003
       and that is managed by a Board of Directors ("Board) comprised of residents of the
       Townhomes of Kings Lake ("Kings Lake").  Defendant HOA is responsible, among
       other things, for establishing, modifying and enforcing the rules and policies at Kings
       Lake; reviewing and approving residential leases and tenants; fixing, collecting and
       enforcing assessments and fines; hiring personnel and entering into agreements with
       contractors for the management and maintenance of Kings Lake, prescribing their
       duties, and delegating appropriate authorities to them; and performing all other legal

2

duties of a homeowners association, as delineated in the applicable Declaration, Articles of Incorporation, and By-Laws.

7.    Defendant Vanguard Management Group, Inc. ("Defendant Vanguard") is a for-profit Florida corporation with its principal place of business in Tampa, Florida.  Defendant Vanguard served as Property Manager at Kings Lake under contract with Defendant HOA at times relevant to this Complaint.  As an agent of Defendant HOA, Defendant Vanguard was responsible, among other things, for reviewing and approving residential lease applications at Kings Lake, corresponding with owners and tenants regarding Kings Lake rules and policies, collecting and enforcing assessments and fines, making decisions concerning the management and maintenance of Kings Lake, and advising Defendant HOA and its Board regarding a wide variety of matters relating to the operation of Kings Lake.

## FACTUAL ALLEGATIONS

8.    Gregory Tracey and Kimberley Konash are the parents of six children, four of whom are currently 16, 14, 12, and 10 years old.  At all times pertinent to this complaint, Mr. Tracey and Ms. Konash were married to each other, and she went by the name Kimberley Tracey.

9.    Tiffany Skizinski and Deanna Tracey are the two adult daughters of Gregory Tracey and Kimberly Konash who, at the time of their family's tenancy at Kings Lake, were under 18 years of age.

10.   On or about July 27, 2006, Gregory Tracey filled out an application package for his family to rent 12621 Kings Crossing Driving (the "Rental Property"), a 1561 square-

foot four-bedroom townhome in Kings Gate, and submitted the paperwork to Charles R. and Kristi N. Barnes, the owners of the townhome, and Elli Armstrong, the realtor who was representing the Barneses.

11. The Rental Property's four bedrooms measure approximately as follows: 162.5 square feet, 128.5 square feet, 125.5 square feet, and 110 square feet.

12. Mr. Tracey, Ms. Konash, the Barneses, and Ms. Armstrong did not know at the time the rental application was submitted that all townhomes in Kings Lake were subject to occupancy limits. Those occupancy limits were established in 2003 by the developer of Kings Lake, and were included in the Declaration of Covenants, Conditions and Restrictions ("Declaration") for Kings Lake, which was recorded with the Clerk of Court for Hillsborough County. Section 13.22.2 of the Declaration ("Section 13.22.2") provides that the occupancy limit for four-bedroom townhomes in Kings Lake is six occupants, the occupancy limit for three-bedroom townhomes is four occupants, and the occupancy limit for two-bedroom townhomes is three occupants.

13. Since its establishment in 2003, Defendant HOA has adopted, maintained, ratified, and enforced Section 13.22.2, and has codified or incorporated it by reference into its Articles of Incorporation and By-Laws.

14. At the time of submission of the rental application, Mr. and Mrs. Barnes and Ms. Armstrong knew that the Tracey/Konash household included six minor children.

15.     Hillsborough County, Florida has its own occupancy limits, which are applicable to

        Kings Lake and which are set forth in Hillsborough County Ordinance 04-18

        ("Ordinance").  In pertinent part, the Ordinance, section 10, paragraph 13, provides:

>       REQUIRED SPACE, DWELLINGS – Every dwelling unit or
>       dwelling shall contain at least 150 square feet of floor space for
>       the first occupant and at least 100 additional square feet of floor
>       area per additional occupant.  In every room occupied for
>       sleeping purposes in any dwelling or dwelling unit, there shall
>       be at least 70 square feet for the first two occupants and at least
>       50 square feet of floor area per additional occupant.

16.     Under the Ordinance, a dwelling that houses eight individuals must have at least 850

        square feet of floor space.  Also under the Ordinance, based on the size of the Rental

        Property and its bedrooms, the Rental Property is large enough to provide housing for

        up to 11 occupants.

17.     After they received the rental application package from Mr. Tracey, the Barneses,

        through their agent, Ms. Armstrong, submitted the package to Defendant HOA and

        Defendant Vanguard (together, "Defendants") for their review and approval.

18.     The rental application form, created by Defendant HOA or its agents, contains a

        provision stating that any incomplete applications will be returned for completion.

19.     Defendants processed the rental application package and approved the Tracey

        family's tenancy at the Rental Property.  They did not reject or return the application

        as incomplete.

20.     On or about July 27, 2006, Mr. Tracey, Ms. Konash, and the Barneses executed a

        rental agreement for the Rental Property, for a one-year term beginning August 1,

2006.   The Tracey family took possession of the Rental Property on or about August 1, 2006.

21.   On September 17, 2006, Defendant Vanguard, on behalf of Defendant HOA, issued a "Compliance Request" to Mr. Tracey and Ms. Konash, based on unsubstantiated and unattributed accusations against the Tracey children.  Mr. Tracey and Ms. Konash were advised to provide "better supervision" of their children "at all times," and that fines would be assessed and legal action possibly taken if they did not "cooperate voluntarily."  Defendants never revealed who made the accusations.

22.   Shortly after receipt of the "Compliance Request," Ms. Konash telephoned Defendant Vanguard to discuss the accusations about her children.  In her conversation with Alice Kuhn, the individual employed by Defendant Vanguard as the Kings Lake property manager, Ms. Kuhn asked Ms. Konash how many children she had.  When Ms. Konash responded, "six," Ms. Kuhn responded that that was "a problem," and referenced Section 13.22.2.

23.   By letter dated December 8, 2006, Defendants' legal counsel notified Mr. Tracey and Ms. Konash that they were not in compliance with Section 13.22.2, and that they must either reduce the number of occupants in the Rental Property or find housing elsewhere, or else eviction proceedings would be initiated.

24.   While Mr. Tracey, Ms. Konash, and their family resided in the Rental Property, Defendants took actions to restrict their ability to have their guests gain access to the premises at the security gate.

25.   Defendant HOA, both directly and through its agents, continues to adhere to and enforce the occupancy limits in Section 13.22.2, as evidenced by, among other examples: (1) the contents of a July 2009 HOA newsletter; (2) an October 2009 unanimous resolution of the HOA Board of Directors; and (3) the contents of a January 2010 HOA newsletter.

26.   Defendants' enforcement of the occupancy limits in Section 13.22.2 against Mr. Tracey, Ms. Konash and their children resulted in the imposition of more restrictive occupancy limits than those contained in Hillsborough County's Ordinance.

27.   The occupancy limits in Section 13.22.2 are unreasonable and unduly restrictive, especially with respect to families with children, including the family of Gregory Tracey and Kimberley Konash.

28.   Based on American Community Survey Public Use Microdata, in Florida in 2006 there were 13,636 eight-person households, of which 12,772 (94%) included children under 18; 65,391 households with seven or more persons, of which 63,332 (97%) included children under 18; 568,707 households with five or more persons, of which 534,361 (94%) included children under 18; and 1,434,511 households with four or more persons, of which 1,282,075 (89%) included children under 18.

29.   Defendant HOA's adoption, maintenance, ratification, and, directly or through its agents including Defendant Vanguard, enforcement of the occupancy limits in Section 13.22.2 have resulted in, and continue to result in, a discriminatory effect based on familial status.

HUD ADMINISTRATIVE PROCESS

30.   On or around December 22, 2006, Mr. Tracey and Ms. Konash filed a timely Fair

Housing Complaint with the United States Department of Housing and Urban

Development ("HUD") on behalf of themselves and their six minor children, alleging,

among other things, that Defendants Kings Lake HOA and Vanguard had engaged in

housing discrimination on the basis of familial status.  The complaint was amended

several times.

31.   Pursuant to 42 U.S.C. § 3610, the Secretary of HUD conducted and completed an

investigation of the complaint, attempted conciliation without success, and prepared a

final investigative report.  Based upon the information gathered in the investigation,

the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause

existed to believe that illegal discriminatory housing practices had occurred.

Therefore, on August 20, 2012, the Secretary issued a Charge of Discrimination,

pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the above-named Defendants with

engaging in discriminatory practices based on familial status, in violation of the Fair

Housing Act, 42 U.S.C. § 3604(b), and the implementing regulations, 24 C.F.R. §

100.65(a).

32.   On September 6, 2012, Defendant Vanguard elected to have the claims asserted in the

HUD Charge resolved in a civil action pursuant to 42 U.S.C. § 3612(a).  On this same

date, the Administrative Law Judge issued a Notice of Election to Proceed in United

States District Court and terminated the administrative proceedings.

33.   Following this Notice of Election, the Secretary of HUD authorized the Attorney

General to commence a civil action pursuant to 42 U.S.C. § 3612(o).

COUNT I

34.   Plaintiff re-alleges and incorporates by reference the allegations set forth above.

35.   By the actions set forth above, Defendants have:

a.      Discriminated against the Tracey Family in the terms, conditions, or privileges

of rental of a dwelling because of familial status, or in the provision of services or

facilities in connection with the rental of a dwelling because of familial status, in

violation of 42 U.S.C. § 3604(b); and

b.      Coerced, intimidated, threatened, or interfered with the Tracey Family in their

exercise or enjoyment of, or on account of their having exercised or enjoyed, rights

granted or protected by 42 U.S.C. § 3604 based on familial status, in violation of 42

U.S.C. § 3617.

36.   The Tracey Family members are "aggrieved person[s]" within the meaning of 42

U.S.C. § 3602(i), and have suffered injuries as a result of Defendants' discriminatory

conduct.

37.   The discriminatory actions of Defendants were intentional, willful, and taken in

disregard of the federally-protected rights of the Tracey Family.

COUNT II

38.   Plaintiff re-alleges and incorporates by reference the allegations set forth above.

9

39.     Defendant HOA's adoption, maintenance, ratification, and, directly or through its

agents including Defendant Vanguard, enforcement of the occupancy limits in

Section 13.22.2 constitute:

a.      A pattern or practice of resistance to the full enjoyment of rights granted by

the Fair Housing Act, in violation of 42 U.S.C. § 3614(a); or

b.      A denial to a group of persons of rights granted by the Fair Housing Act,

which denial raises an issue of general public importance, in violation of 42

U.S.C. § 3614(a).

40.     In addition to the Tracey Family members, other persons may have been injured by

Defendants' discriminatory actions and practices as described above.  Such

individuals are "aggrieved" persons under the Fair Housing Act, 42 U.S.C. §§ 3602(i)

and 3614(d)(1)(B).

41.     The discriminatory actions of Defendants were intentional, willful, and taken in

disregard of the federally-protected rights of others.

PRAYER FOR RELIEF

WHEREFORE, the United States of America prays for relief as follows:

1.      A declaration that the discriminatory conduct of Defendants as set forth above

violates the Fair Housing Act;

2.      An injunction against Defendants, their agents, employees, successors, and all

other persons in active concert or participation with any of them from:

a.      Discriminating on the basis of familial status, in violation of the Fair

Housing Act;

b.     Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

c.     Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' unlawful practices;

3.     An award of monetary damages to Kimberley Konash, Gregory Tracey, their four minor children, Tiffany Skizinski, and Deanna Tracey, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1);

4.     An award of monetary damages to other individuals pursuant to 42 U.S.C. § 3614(d)(1)(B); and

5.     A civil penalty against each of Defendants in an amount authorized by 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

The United States demands a trial by jury.

11

Dated: October 9, 2012

Respectfully submitted,

ERIC H. HOLDER, JR.
Attorney General

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief, Housing and Civil
   Enforcement Section

MICHAEL S. MAURER
Deputy Chief
JEFFREY KNISHKOWY
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Northwestern Building, 7th Floor
Washington, D.C. 20530
Phone: (202) 353-6196
Fax: (202) 514-1116
jeff.knishkowy@usdoj.gov