UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE UNITED STATES OF
AMERICA,

    Plaintiff,

v.                                CASE NO.: 8:12-cv-2298-T-33TGW

TOWNHOMES OF KINGS LAKE
HOA, INC. and VANGUARD
MANAGEMENT GROUP, INC.,

    Defendants.
_____/

**ORDER**

The Government accuses Townhomes of Kings Lake HOA, Inc. and its former management company, Vanguard Management Group, Inc., of housing discrimination in violation of federal law. Kings Lake HOA and Vanguard filed two joint Motions seeking dismissal of the Government's lawsuit on the basis that the Government failed to join Defendants' former counsel, Daniel Pilka, Esq., as a defendant. Kings Lake HOA and Vanguard also assert the alternative request that the Court join Mr. Pilka as a defendant. Upon review of Rule 19, Fed. R. Civ. P., and other governing law, the Court denies Defendants' joint Motions.

**I. Factual Background**

On July 27, 2006, Gregory Tracey submitted a rental application for a 1,561 square-foot, four-bedroom townhome,

located in the Townhomes of Kings Lake, where he intended to live with his wife Kimberley Konash and their six minor children. (Doc. # 1 at ¶¶ 8-11). Townhomes of Kings Lake is a gated community that consists of 249 townhomes in a variety of sizes, and includes common areas, such as a pool. (Id. at ¶ 4). Kings Lake HOA and Vanguard approved the Tracey family's tenancy, and the Traceys executed a one year lease agreement. (Id. at ¶¶ 19-20). The Traceys took possession of the townhome on August 1, 2006. (Id. at ¶ 20).

Unbeknownst to the Traceys, the property was subject to occupancy limits set forth in the Declarations of Covenants, Conditions and Restrictions for Kings Lake. (Id. at ¶ 12). Relevant to this action, Section 13.22.2 of the Declarations limits the occupancy of a four-bedroom townhome to six occupants. (Id.) As noted, at the time their tenancy was to begin, the Traceys had six minor children.

Hillsborough County, Florida has its own occupancy limits, which are applicable to Kings Lake. (Id. at ¶ 15). These occupancy limits are set forth in Hillsborough County Ordinance 04-18 and provide that every dwelling "shall contain at least 150 square feet of floor space for the first occupant and at least 100 additional square feet of floor area per additional occupant." Id. at § 10, ¶ 13. In addition, the

2

Ordinance provides, "in every room occupied for sleeping purposes . . . there shall be at least 70 square feet of floor area for the first two occupants and at least 50 square feet of floor area per additional occupant." (Id.) Under the Ordinance, based on the size of the rental property and the number of bedrooms, the Traceys' townhome could legally house eleven occupants. (Doc. # 1 at ¶ 16).

On September 17, 2006, Kings Lake HOA, through its agent, Vanguard, sent a letter to the Tracey family containing accusations against the Tracey children and threatening fines and other sanctions. (Id. at ¶ 21). When Kimberley Konash called Vanguard to discuss the letter, the representative for Vanguard informed her that having eight occupants in their rental townhome was "a problem" and a violation of the Kings Lake Declarations. (Id. at ¶ 22).

In October of 2006, Mr. Pilka, Kings Lake HOA, and Vanguard met to discuss the enforcement of Kings Lake Declaration 13.22.2 with respect to the Tracey family. (Loucks-Kabbani Aff. Doc. # 15 at ¶¶ 6-7). "Mr. Pilka advised Kings Lake that section 13.22.2 of the Kings Lake declaration was enforceable and that he would send a Letter to Mr. Tracey and Ms. Konash." (Id. at ¶ 8). By letter dated December 8, 2006, Mr. Pilka advised the Tracey family that they were in

3

violation of the Kings Lake occupancy limits and faced eviction based on the number of occupants in their dwelling. (Doc. # 1 at ¶ 23). Thereafter, Kings Lake HOA and Vanguard allegedly harassed the Tracey family by restricting their ability to have guests gain access to the premises at the security gate. (Id. at ¶ 24).

## II. Procedural History

On October 9, 2012, the Government filed suit against Kings Lake HOA and Vanguard for housing discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (Doc. # 1). The Government specifically alleges that Kings Lake HOA and Vanguard "[d]iscriminated against the Tracey Family in the terms, conditions, or privileges of rental of a dwelling because of familial status" and "[c]oerced, intimidated, threatened, or interfered with the Tracey Family in their exercise or enjoyment of . . . rights granted or protected by 42 U.S.C. § 3604 based on familial status." (Id. at ¶ 35). The Government contends that Defendants' actions were intentional, willful, and taken in disregard of federally protected rights. (Id. at ¶ 41). The Government seeks money damages on behalf of the Tracey family, civil penalties, a declaration that Defendants violated federal law,

4

and an injunction barring Defendants from engaging in future acts of housing discrimination.

On December 31, 2012, Kings Lake HOA filed its purported "joint" Motion to Dismiss for Failure to Join an Indispensable Party or, in the Alternative to Require the Naming of an Additional Party Defendant pursuant to Rule 12(b)(7), Fed. R. Civ. P. (Doc. # 11). That Motion was signed only by counsel for Kings Lake HOA, and counsel failed to attach the exhibits referenced in the Motion. Later that day, Defendants filed an amended version of the joint Motion (Doc. # 14). Counsel attached some, but not all, of the referenced exhibits. On January 2, 2013, without seeking leave of Court, Defendants submitted one of the missing exhibits, the Affidavit of Terry Loucks-Kabbani. (Doc. # 15). Defendants have yet to file all of the missing exhibits, including the missing "Def.'s Aff." and "Anderson Affidavit" mentioned in both of the joint Motions. The Government filed a Response in Opposition to Defendants' joint Motions on January 17, 2013. (Doc. # 22).

### III. <u>Analysis</u>

Rule 19 of the Federal Rules of Civil Procedure governs this dispute and states in part:

(a) Persons Required to be Joined if Feasible.
    (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the

>           court of subject matter jurisdiction must be joined
>           as a party if:
>           (A)  in that persons' absence, the court cannot
>                accord complete relief among existing parties;
>                or
>           (B)  that person claims an interest relating to the
>                subject of the action and is so situated that
>                disposing of the action in the person's
>                absence may:
>                (i)  as a practical matter impair or impede
>                     the person's ability to protect the
>                     interest; or
>                (ii) leave an existing party subject to a
>                     substantial risk of incurring double,
>                     multiple, or otherwise inconsistent
>                     obligations because of the interest.
>      (2)  *Joinder by Court Order.* If a person has not been
>           joined as required, the court must order that the
>           person be made a party.
> . . . .
>
> (b)  When Joinder is not Feasible. If a person who is required
>      to be joined if feasible cannot be joined, the court must
>      determine whether, in equity and good conscience, the
>      action should proceed among the existing parties or
>      should be dismissed. The factors for the court to
>      consider include:
>      (1)  the extent to which a judgment rendered in the
>           person's absence might prejudice that person or the
>           existing parties;
>      (2)  the extent to which any prejudice could be lessened
>           or avoided by:
>           (A)  protective provisions in the judgment;
>           (B)  shaping the relief; or
>           (C)  other measures;
>      (3)  whether a judgment rendered in the person's absence
>           would be adequate; and
>      (4)  whether the plaintiff would have an adequate remedy
>           if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.

Courts in the Eleventh Circuit use a two-step approach when analyzing motions to dismiss premised upon the failure to

join a required party:

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot (because for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

Focus on Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1280 (11th Cir. 2003)(quoting Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir. 1982)).

In Mid-Continent Casualty Co v. Basdeo, No. 08-61473, 2009 U.S. Dist. LEXIS 123981 (S.D. Fla. Aug. 7, 2009), the court succinctly summarized the required analysis:

> The first part of the test might be more clearly understood as involving two questions: whether the non-party should be joined and whether joinder is feasible. Where both a nonparty should be joined and joinder is feasible, the nonparty is "required" or "necessary" but not necessarily "indispensable." If so, then pursuant to Rule 19(a)(2), the Court must order that the person be made a party, rather than dismiss. Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party.

Id. at *7-8 (internal citation omitted).

Defendants assert that Mr. Pilka should be joined because the Court cannot accord complete relief in his absence. Defendants also contend that Mr. Pilka has an interest in this

7

action and that Defendants could face multiple suits absent Mr. Pilka's joinder in this suit. In addressing Defendants' arguments, the Court is mindful that "pragmatic concerns, especially the effect on the parties and the litigation, control." Challenge Homes, Inc., 669 F.2d at 669. As explained below, the Court finds that each of Defendants' arguments are unsuccessful.

### A. Complete Relief Absent Mr. Pilka

The first question the Court must answer is whether it can accord complete relief among the existing parties in this suit in the absence of Mr. Pilka. The Court answers this question in the affirmative. The Government has requested money damages, civil penalties, a declaration that the Defendants' actions were unlawful and an injunction barring future acts of housing discrimination based on Kings Lake Declaration 13.22.2.

With respect to money damages and civil penalties, should the Government prevail, the Government can attain complete relief from Kings Lake HOA and Vanguard without the joinder of Mr. Pilka. This is because "money is fungible; the recipient cares not from whence it came." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1345 (11th Cir. 2011).

In addition, Mr. Pilka's absence will not prevent the

8

entry of the requested declaration or injunction. Contrary to Defendants' specious assertions, there is no risk that Mr. Pilka will continue to enforce Kings Lake Declaration 13.22.2. Mr. Pilka no longer represents Defendants. Defendants' arguments that Mr. Pilka may continue to enforce the Declaration despite no longer representing Kings Lake HOA and Vanguard are unfounded.

### B.  Mr. Pilka's Interest and Risk of Multiple Suits

The next step in the inquiry requires the Court to determine whether Mr. Pilka has an interest in the litigation such that resolution of the action in his absence would either "impair or impede [his] ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

Defendants have not demonstrated that Mr. Pilka has an interest that might be "impaired or impeded" by resolution of this suit in his absence. Here, Mr. Pilka's involvement with Kings Lake HOA and the enforcement of Kings Lake Declaration 13.22.2 ceased at the termination of his representation of Defendants. As was the case in <u>Challenge Homes, Inc.</u>, an injunction against the Defendants to prevent the enforcement

9

of the Declaration, "would have no effect, practical or otherwise," on Mr. Pilka. 669 F.2d at 670-71.

The fact that Mr. Pilka acted as Defendants' "agent" does not make him a required party. Although an agent engaging in discriminatory conduct may be named as a defendant under the Fair Housing Act, there is no requirement that each and every agent of a principal that is alleged to have discriminated against the victim be named as a defendant. Rather, requiring compulsory joinder of Mr. Pilka as a join tortfeasor would constitute an abuse of this Court's discretion. See Temple v. Synthes Corp., 498 U.S. 5, 7 (1990)("[I]t is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. . . . [A] tortfeasor with the usual joint and several liability is merely a permissive party to an action against another with like liability.")(citing the Advisory Committee Notes to Rule 19(a)).

Because the Court has determined that Mr. Pilka has no interest in this action, it is not necessary to address Defendants' assertion that they may be subject to multiple suits based on Mr. Pilka's interest. Nevertheless, in an abundance of caution, the Court will address this argument. Defendants hypothesize that if they prevail in this litigation and if the Government instituted a future action against Mr.

10

Pilka, that Defendants would also be pulled into that litigation. However, it is not enough for Defendants to merely speculate as to the possibility of a multiplicity of suits. See In re Torcise, 116 F.3d 860, 866 (11th Cir. 1997). The Government has taken no action against Mr. Pilka at this time and Defendants' rank speculations as to the possibility of future suits is not convincing.

Defendants have failed to show that Mr. Pilka is a required party who must be joined in this action. In addition, even assuming that he were a required party, it would be inappropriate to dismiss the suit based upon Mr. Pilka's absence because dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party (for instance, if joinder would destroy diversity jurisdiction or if the person is not subject to service of process).

Here, if the Court had determined that Mr. Pilka's joinder was appropriate, the Court could have effected such joinder. This Court's subject-matter jurisdiction is based on the presentation of a federal question-housing discrimination-therefore, the joinder of Mr. Pilka, or any other person for that matter, could not divest the Court of subject-matter jurisdiction. In addition, as a resident of Brandon, Florida

11

who represented the Defendants in Hillsborough County, Florida, Mr. Pilka would most likely be subject to service of process in this Court.

In summary, it is neither appropriate to require Mr. Pilka's joinder nor is it appropriate to dismiss the action based on his absence. Therefore, Defendants' joint Motions are denied.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

The Joint Motions to Dismiss for Failure to Join an Indispensable Party or, in the Alternative to Require the Naming of an Additional Party Defendant pursuant to Rule 12(b)(7) (Doc. ## 11, 14) are **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:
All Counsel of Record

12